JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 25 2006

FILED
CLERK'S OFFICE

**RELEASED FOR PUBLICATION**

**DOCKET NO. 1792**

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE INPHONIC, INC., WIRELESS PHONE REBATE LITIGATION

*Edwin Davis v. InPhonic, Inc.*, D. District of Columbia, C.A. No. 1:06-528
*Hongyi Yu, et al. v. InPhonic, Inc.*, D. District of Columbia, C.A. No. 1:06-951
*Ryan Sutherland v. InPhonic, Inc., et al.*, N.D. Illinois, C.A. No. 1:06-3281
*Paul Rock, et al. v. InPhonic, Inc.*, D. New Jersey, C.A. No. 2:06-2156

**BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL**

## TRANSFER ORDER

This litigation currently consists of two actions pending in the District of District of Columbia and an action each in the Northern District of Illinois and the District of New Jersey.[1] Defendant InPhonic, Inc. (InPhonic) moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of District of Columbia. No party opposes centralization. InPhonic's motion is supported by defendant Continental Promotion Group, Inc. (CPG) and plaintiffs in the two actions in the District of District of Columbia and the action in the District of New Jersey. Plaintiffs in the Northern District of Illinois action and the five potential tag-along actions pending in the District of Arizona support transfer to the District of Arizona.

On the basis of the papers filed and hearing session held, the Panel finds that these four actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions are putative class actions that share factual questions concerning whether InPhonic failed to adequately disclose the terms of its rebates associated with the purchase of wireless telephones and/or wireless service plans, failed to honor valid rebate claims filed by customers, and unreasonably delayed the processing of rebate claims. Plaintiffs allege various state common law claims such as fraud, negligent misrepresentation, unjust enrichment, conversion, and breach of contract, as well as violations of state consumer protection statutes. Plaintiffs in some actions also allege that InPhonic and CPG's conduct violated the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* Centralization under

---

[1] The Panel has been notified of additional related actions pending as follows: five actions in the District of Arizona, three actions in the District of District of Columbia, and an action each in the Central District of California and the Southern District of Mississippi. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are of the view that the District of District of Columbia is an appropriate transferee forum for this docket. This district is where many relevant documents and witnesses are likely to be found, inasmuch as InPhonic's headquarters and related offices are located in the Washington, D.C., metropolitan area. Further, since the District of Columbia is the situs of related court proceedings (an action brought by the Attorney General of the District of Columbia), centralization in the District of District of Columbia carries the added benefit of fostering coordinated discovery between the federal and local proceedings, should such a need arise.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Ellen Segal Huvelle for coordinated or consolidated pretrial proceedings with the actions already pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

Docket: 1792 - In re InPhonic, Inc., Wireless Phone Rebate Litigation
Status: Transferred on 10/25/2006
Transferee District: DC    Judge: Huvelle, Ellen Segal

Printed on 10/25/2006

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
| --- | --- |
| Berger, Mitchell R.<br>Patton Boggs, LLP<br>2550 M. Street, N.W.<br>Washington, DC 20037 | => Phone: (202) 457-5600  Fax: (202) 457-6315<br>InPhonic, Inc.* |
| Berk, Steven N.<br>Cuneo Gilbert & LaDuca, LLP<br>507 C Street, N.E.<br>Washington, DC 20002 | => Phone: (202) 789-3960  Fax: (202) 789-1813  Email: stevenb@cunolaw.com<br>McGivney, Barbara*; Yu, Hongyi* |
| Climaco, John R.<br>Climaco, Lefkowitz, Peco, Wilcox & Garfoli<br>1220 Huron Road<br>Suite 1000<br>Cleveland, OH 44115-1802 | => Phone: (216) 621-8484  Fax: (216) 771-1632  Email: jrelim@climacolaw.com<br>Davis, Edwin* |
| ElHassan, Khalid A.<br>Eichen, Levinson & Crutchlow L.L.P.<br>40 Ethel Road<br>Edison, NJ 08817 | => Phone: (732) 777-0100  Fax: (732) 248-8273<br>Kazmarck, Mary*; Rock, Paul* |
| Jacobson, David C.<br>Sonnenschein, Nath & Rosenthal, LLP<br>8000 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606 | => Phone: (312) 876-8095<br>Continental Promotion Group, Inc.* |
| Mahoney, William F.<br>Segal, McCambridge, Singer & Mahoney, Ltd.<br>330 North Wabash Ave.<br>Suite 200<br>Chicago, IL 60611 | => Phone: (312) 645-7800<br>Sutherland, Ryan* |

Note: Please refer to the report title page for complete report scope and key.

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888

http://www.jpml.uscourts.gov

October 25, 2006

Nancy Mayer-Whittington, Clerk
1834 E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001-2802

Re: MDL-1792 -- In re InPhonic, Inc., Wireless Phone Rebate Litigation

(See Attached Order)

Dear Ms. Mayer-Whittington:

I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter. The order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A copy of Rule 1.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), which deals specifically with the transfer of files, is enclosed for your convenience. Also enclosed are a complete set of the Panel Rules and a copy of Chapter 7 of Volume 4 of the Clerks Manual, United States District Courts.

The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

- 2 -

For your information, I am enclosing a copy of the Panel Attorney Service List.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By /s/
Deputy Clerk

Enclosures

cc w/all enclosures (Chapter 7 of Volume 4 of the Clerks Manual, U.S. District Courts, Rule 1.6, R.P.J.P.M.L., transfer order, Panel Attorney Service List, and complete Panel Rules):

|  |  |  |
|---|---|---|
|  | Transferee Judge: | Judge Ellen Segal Huvelle |
| cc w/order only: | Transferee Chief Judge: | Judge Thomas F. Hogan |

cc w/order and Rule 1.6, R.P.J.P.M.L.:

|  |  |  |
|---|---|---|
|  | Transferor Clerk(s): | Michael W. Dobbins<br>William T. Walsh |
|  | Transferor Judge(s): | Judge Jose L. Linares<br>Judge Rebecca R. Pallmeyer |

JPML Form 33